IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE SENIOR CITIZENS LEAGUE,<br>1800 Diagonal Road, Suite 600<br>Alexandria, VA 22314,<br><br>                Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION<br>6401 Security Boulevard<br>Baltimore, MD 21235,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 25-2112 |

## COMPLAINT

Plaintiff The Senior Citizens League ("TSCL") brings this action against Defendant Social Security Administration ("SSA"), to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff TREA Senior Citizens League, doing business as The Senior Citizens League, is nonprofit social welfare organization incorporated under the laws of Colorado and is exempt from federal income taxes under section 501(c)(4) of the U.S. Internal Revenue Code. TSCL's activities include monitoring developments in the United States with respect to the

1

interests of senior citizens and defending those interests before government, developing educational materials designed to explain to senior citizens their various rights as U.S. citizens, and raising the level of public awareness of senior citizens' rights, conducting surveys and polls, and publishing and distributing informational newsletters to members, supporters, and the public.

4. Defendant Social Security Administration is an independent agency within the Executive Branch of the United States Government, and is an agency within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 6401 Security Boulevard, Baltimore, MD 21235. Defendant SSA has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. TSCL routinely submits FOIA requests, and this matter concerns a FOIA request submitted to Defendant, to which Defendant has failed to respond. The request seeks records related under the purview of the agency and its components and would give the public significantly more transparency into the work the agency is doing.

6. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant is required to respond to TSCL's FOIA requests within 20 working days of each request, but that deadline is extended to no more than 10 working days if there are "unusual circumstances" as defined by 5 U.S.C. § 552(a)(6)(B)(iii).

7. Former Attorney General Merrick Garland stated that the FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government," and that the "'basic purpose … is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the government accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* at 1 (Mar. 15, 2022).

8. With regards to TSCL's FOIA request, the statutory deadline has passed, and Defendant has failed to provide a substantive response to the FOIA request. In fact, as of the date of this Complaint, Defendant has produced no records and has failed to assert any claims that responsive records are exempt from production.

9. Since Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), FGI is deemed to have fully exhausted any and all administrative remedies with respect to its FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

**TSCL'S FOIA REQUEST FOR RECORDS REGARDING CENTENARIANS IN SSA DATABASE.**

10. On March 26, 2025, TSCL submitted a FOIA request online to Defendant. *See* Exhibit A. The request sought "records … setting forth":

- A. The number of individuals receiving distributions, by age (or birth year), and the amount of distributions by age (or birth year), from the following funds:
  - i. Old-Age and Survivors Trust Funds (OAS);
  - ii. Disability Insurance Trust Fund (DI);
  - iii. Hospital Insurance (*i.e.*, Medicare) Trust Fund; or
  - iv. any other monies or funds under the control of SSA;
- B. The number of individuals age 100 or older who are currently receiving disbursements from, and aggregate amount of such disbursements, from the above funds.

The time period covered by the FOIA request was January 1, 2020 until the search begins. The responsive records would provide increased transparency and allow the public to see how the SSA is maintaining its databases.

11. On March 26, 2025, Defendant acknowledged receipt of the FOIA request and assigned the request number 2025-FOIA-01541. *See* Exhibit B.

12. As of the date of this Complaint, Defendant has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

3

**CAUSE OF ACTION**
**(Violation of FOIA, 5 U.S.C. § 552)**

13. Plaintiff realleges paragraphs 1 through 12 as though fully set forth herein.

14. Defendant has failed to make a determination regarding TSCL's FOIA request for records within the statutory time limit and is unlawfully withholding records requested by TSCL pursuant to 5 U.S.C. § 552.

15. TSCL is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and TSCL will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff The Senior Citizens League requests that the Court grant all appropriate relief for the violations of FOIA alleged above, including:

a. An order and judgment requiring the Defendant to conduct a search for any and all records responsive to TSCL's FOIA request and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to TSCL's request;

b. An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to TSCL's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

c. An order and judgment permanently enjoining the Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to TSCL's FOIA request;

d. Attorneys' fees and costs to Plaintiff pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

e. Any other relief that this Court in its discretion deems just and proper.

                                                                                                             */s/ Jeremiah L. Morgan*

                                                                                                             Jeremiah L. Morgan
(D.C. Bar No. 1012943)
William J. Olson
(D.C. Bar No. 233833)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
jmorgan@lawandfreedom.com
*Counsel for Plaintiff*

Dated:  July 1, 2025                                       THE SENIOR CITIZENS LEAGUE