UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE SENIOR CITIZENS LEAGUE,<br><br>  Plaintiff,<br><br>  v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>  Defendant. | Civil Action No. 25-2112 (SLS) |

**ANSWER**[1]

Defendant, Social Security Administration ("SSA"), by and through undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 1) filed by Plaintiff The Senior Citizens League under the Freedom of Information Act ("FOIA"), 5 5 U.S.C. § 552.

All allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer.

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

## JURISDICTION AND VENUE

1. This paragraph consists of legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction subject to the terms, conditions, and limitations of FOIA and pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

2. This paragraph consists of legal conclusions regarding venue, to which no response is required. To the extent that a response is required, Defendant admits that venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 3.

4. Defendant admits SSA is an agency the Executive Branch of the United States Government within the meaning of 5 U.S.C. § 552(f). Defendant further admits it is headquartered at 6401 Security Boulevard, Baltimore, MD 21235, and that, based on the language of Plaintiff's FOIA request, the Defendant maintains possession, custody, and control over some records which may be relevant or responsive to Plaintiff's request, to the extent that such records may exist.

## STATEMENT OF FACTS

5. Defendant admits only that Plaintiff filed a FOIA request on March 26, 2025, which was assigned the following identifier: 2025-FOIA-01541. Except as expressly admitted, Defendant denies the remaining allegations.

6. Defendant avers that the cited legal authority speaks for itself, and no response is required. To the extent a response is deemed necessary, Defendant denies any characterization of the authority that is inconsistent with its plain language or controlling interpretation.

7. Defendant avers that the cited legal authority speaks for itself, and no response is required. To the extent a response is deemed necessary, Defendant denies any characterization of the authority that is inconsistent with its plain language or controlling interpretation.

8. Defendant admits only that Plaintiff filed a FOIA request on March 26, 2025. Defendant avers that SSA processed Plaintiff's FOIA request in the ordinary course and produced records on November 20, 2025, following the federal shutdown.

9. This paragraph does not contain allegations of fact, but rather conclusions of law regarding administrative exhaustion. To the extent a response is deemed required, Defendant admits only that records related to Plaintiff's March 26, 2025, FOIA request were produced on November 20, 2025.

## [PLAINTIFF'S] FOIA REQUEST FOR RECORDS REGARDING CENTENARIANS IN SSA DATABASE

10. The allegations in Paragraph 10 purport to characterize Plaintiff's March 26, 2025, FOIA request, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the cited FOIA request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent with the FOIA request. *See* ECF No. 1, Ex. A.

11. Defendant admits that Plaintiff's March 26, 2025, FOIA request was acknowledged by the SSA via email that same day. *See* ECF No. 1, Ex. B.

12. Defendant admits that Plaintiff filed this action on July 7, 2025. Defendant further admits that records related to Plaintiff's March 26 FOIA request were produced on November 20, 2025.

## CAUSE OF ACTION

13. Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth therein.

14. Defendant admits that Plaintiff filed a FOIA request on March 26, 2025, which acknowledged by the SSA via email that same day. Defendant further admits that no records related to Plaintiff's March 26 FOIA Request were produced until November 20, 2025. Defendant denies, however, any allegation that any such timing alone entitles Plaintiff to the relief sought or establishes that Defendant has improperly withheld records.

15. This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. Defendant denies the remaining allegations in this paragraph, including any characterizations of Defendant's actions or compliance with FOIA.

## PRAYER FOR RELIEF

The remaining paragraphs set forth Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA. *See* 5 U.S.C. § 552.

## SECOND DEFENSE

Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

## THIRD DEFENSE

Defendant has exercised due diligence in processing Plaintiff's FOIA request and additional time is necessary for Defendant to continue its processing of Plaintiff's FOIA request.

## FOURTH DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

## FIFTH DEFENSE

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

## SIXTH DEFENSE

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

## SEVENTH DEFENSE

Plaintiff is not entitled to injunctive or declaratory relief. 5 U.S.C. § 552(a)(4)(B).

| | |
|---|---|
| Dated: December 2, 2025<br>Washington, D.C. | Respectfully submitted,<br><br>JEANINE FERRIS PIRRO<br>United States Attorney<br><br>By:   /s/ *Saifuddin K. Kalolwala*<br>      SAIFUDDIN K. KALOLWALA<br>      Assistant United States Attorney<br>      601 D Street, N.W.<br>      Washington, D.C. 20530<br>      Telephone: (202) 252-2550<br>      Saifuddin.Kalolwala@usdoj.gov<br><br>*Attorneys for the United States of America* |